```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

IN RE:                          *

CTP INNOVATIONS, LLC,           *    MDL 14-MD-2581
PATENT LITIGATION                    ALL ACTIONS
                                *

*     *     *     *     *     *     *     *     *
```

INITIAL PROCEDURAL MEMORANDUM AND ORDER

I.   INTRODUCTION

Plaintiff, CTP Innovations, LLC ("CTP"), is the owner of United States Patent Nos. 6,611,349 ("the '349 Patent") and 6,738,155 ("the '155 Patent") (collectively, "the Patents in Suit"). The Patents in Suit pertain to systems and methods relating to the printing industry. CTP has sued some 49 printing companies, alleging infringement of the '359 and '149 Patents. In addition, Taylor Publishing Company ("Taylor") has commenced a declaratory judgment action and is a Counterclaim Defendant. In the instant document, the Court refers to Taylor, together with the parties sued by CTP as, collectively, "the Defendants." To date, 41 of these cases have settled, leaving eight cases pending in 6 districts.

On July 29 and August 2, 2013, Printing Industries of America filed Inter Partes Review ("IPR") petitions regarding the Patents in Suit. The Patent Trial and Appeal Board ("PTAB") declined to accept the petitions.

On May 20, 2013, Eastman Kodak, Co., Agfa Corp., Esko Software BVBA, and Heidelberg, USA ("the Manufacturers")[1] filed four petitions for IPR with PTAB regarding the Patents in Suit. On November 26 and 29, 2014, the PTAB accepted the petitions with regard to all claims of the '155 Patent and most claims of the '349 Patent.  The only claims not at issue in the PTAB proceeding are method claims 4-9 of the '349 Patent.  These claims shall hereinafter be referred to as "Claims 4-9."  The PTAB proceedings are underway with a decision anticipated no later than a year after the November dates on which the proceedings commenced, i.e., November 26 and 29, 2015.

On December 12, 2014, the United States Judicial Panel on Multidistrict Litigation ("the Panel") issued its Transfer Order [Document 1] consolidating the pending actions involving the Patents in Suit and transferring them for pretrial purposes before this Court.

On January 8, 2015, the Court held a case planning conference attended, in person and by telephone, by counsel for all parties in the eight pending cases.  CTP advises that it may be filing additional (20 to 40) "tag-a-long" cases in various

---

[1] The Manufacturers have supplied to some, but not all Defendants, products that, CTP asserts, meet various limitations of claims of the Patents in Suit.  Apparently, the Manufacturers are concerned about their customer-defendants' potential assertion of indemnity claims.  Hence, they would benefit from a PTAB decision invalidating the Patents in Suit.

districts asserting claims of infringement of the Patents in Suit.

II.   THE STAY MOTION

The Court has before it Defendants' Motion to Stay Pending Inter Partes Review Proceedings Before the Patent Trial and Appeal Board [Document 12] and the materials submitted relating thereto.  The Court has held a hearing on the motion and has had the benefit of the statements of counsel for all parties relating thereto.

All Defendants seek a stay of the pending cases until the conclusion of the PTAB proceedings relating to the Patents in Suit.  CTP opposes any stay and contends that if the Court should grant a stay, it should stay only proceedings regarding the claims involved in pending PTAB proceedings.  CTP further contends that, to the extent any stay is granted a Defendant, that Defendant should, consistent with frequent practice in the District of Delaware and some other districts, agree to be bound by the estoppel effect of 35 U.S.C. § 315(e) in regard to the pending PTAB proceedings.  See, e.g., Softview LLC v. Apple Inc., Civ. No. 10-389-LPS, 2012 WL 3061027, at *3 (D. Del. July 26, 2012)(declining to stay case, in part, because non-participating defendants "would remain free to assert additional

prior art references at trial, and/or different combinations of the same prior art references now being asserted by [a third party] in the reexamination proceedings.").

    A.   <u>Claims At Issue in Pending PTAB Proceedings</u>

The Court concludes, in view of its high level of confidence that the PTAB will render its decision no later than November 29, 2015, that a stay of proceedings regarding the claims at issue in the pending PTAB proceedings is appropriate. However, the Court agrees with CTP that a Defendant seeking to obtain the benefit of the stay should agree to be bound by the estoppel effect of 35 U.S.C. § 315(e).

The Court finds certain Defendants' positions that the Manufacturers may not present their contentions as skillfully as would that Defendant, unpersuasive.  If a Defendant believes its counsel can do a better job of advocacy that the Manufacturers, it should forego the benefit of a stay and have its own counsel exercise their skills to re-litigate issues that the Manufacturers may have lost in the PTAB.

Certain Defendants have stated that the Manufacturers may have a conflict of interest with them and, therefore, proceed before the PTAB in a manner inconsistent with the Defendant's interests.  The Court finds no basis to believe that the

Manufacturers would have any different, or lower, interest than Defendants in a PTAB decision invalidating the Patents in Suit. Moreover, as to any claim modification issues in the PTAB, the Court sees no realistic probability that the Manufacturers would seek a modification favorable to them but not equally favorable to the Defendants.  Of course, if any Defendant, in reality, has a conflict of interest concern, that Defendant should forego the benefit of a stay.

    B.   <u>Claims 4-9</u>

At the hearing, CTP stated that it had completed a site inspection of Taylor.  Therefore, CTP stated that it would require no more than a single deposition – four hours or less in duration – to determine whether it would assert infringement of Claims 4-9 against Taylor.  CTP, however, has discovered that its statement was erroneous and has promptly so advised the Court.

Under the circumstances, the Court will stay proceedings regarding Claims 4-9 in any case in which a stay is issued based upon the claims at issue in the pending PTAB proceedings.  In a case in which a Defendant does not agree to be bound by the estoppel effect of 35 U.S.C. § 315(e), or in which CTP asserts infringement only as to Claims 4-9, there will be no stay.

### C. Anticipated Tag-a-Long Cases

Absent a showing of a need for different treatment in a particular case, any additional case asserting infringement of the Patents in Suit filed during the pendency of the PTAB proceedings shall be treated consistently with the presently pending cases. Therefore, there will be a stay of the case unless: (1) the Defendant does not agree to be bound by the estoppel effect of 35 U.S.C. § 315(e); or (2) CTP asserts infringement only as to Claims 4-9.

### III. CONCLUSION

For the foregoing reasons:

1. Defendants' Motion to Stay Pending Inter Partes Review Proceedings Before the Patent Trial and Appeal Board [Document 12] is GRANTED IN PART.

2. By January 30, 2015, the parties shall submit an agreed form of stipulation to be bound by the estoppel effect of 35 U.S.C. § 315(e), or the parties shall submit separate versions of such a stipulation.

4. By separate Order, the Court shall refer these cases (and any tag-a-long cases that may be filed) to a Magistrate Judge to conduct confidential settlement proceedings.

SO ORDERED, on Friday, January 23, 2015.

/s/_____
Marvin J. Garbis
United States District Judge