## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| IN RE CTP INNOVATIONS, LLC PATENT LITIGATION ACTIONS | Case No. 14-md-02581-MJG (Lead Action) |
| CTP INNOVATIONS, LLC, <br><br> Plaintiff, <br> v. <br><br> AMERICAN PRINTING COMPANY, INC., <br><br> Defendant. | Case No. 14-cv-03890-MJG |
| CTP INNOVATIONS, LLC, <br><br> Plaintiff, <br> v. <br><br> ARANDELL CORPORATION, <br><br> Defendant. | Case No. 15-cv-01693-MJG |
| CTP INNOVATIONS, LLC, <br><br> Plaintiff, <br> v. <br><br> CENVEO CORPORATION, <br><br> Defendant. | Case No. 15-cv-03124-MJG |

CTP INNOVATIONS, LLC,

       Plaintiff,

v.

COMMAND WEB OFFSET COMPANY, INC.,

       Defendant.

Case No. 15-cv-01470-MJG

---

CTP INNOVATIONS, LLC,

       Plaintiff,

v.

DIRECTMAIL.COM,

       Defendant.

Case No. 15-cv-01975-MJG

---

CTP INNOVATIONS, LLC,

       Plaintiff,

v.

EBSCO INDUSTRIES, INC.,

       Defendant.

Case No. 14-cv-03884-MJG

---

CTP INNOVATIONS, LLC,

       Plaintiff,

v.

ENNIS, INC.,

       Defendant.

Case No. 15-cv-02391-MJG

CTP INNOVATIONS, LLC,                              Case No. 15-cv-01550-MJG

       Plaintiff,

v.

F.C.L. GRAPHICS, INC.,

       Defendant.

---

CTP INNOVATIONS, LLC,                              Case No. 14-cv-03888-MJG

       Plaintiff,

v.

GEO GRAPHICS, INC.,

       Defendant.

---

CTP INNOVATIONS, LLC,                              Case No. 14-cv-03889-MJG

       Plaintiff,

v.

INDEXX, INC.,

       Defendant.

---

CTP INNOVATIONS, LLC,                              Case No. 14-cv-03893-MJG

       Plaintiff,

v.

JET PRINTING, LLC,

       Defendant.

CTP INNOVATIONS, LLC,                                    Case No. 15-cv-03123-MJG

       Plaintiff,

v.

JOURNAL GRAPHICS, INC.,

       Defendant.

---

CTP INNOVATIONS, LLC,                                    Case No. 15-cv-02016-MJG

       Plaintiff,

v.

MIDLAND INFORMATION RESOURCES,

       Defendant.

---

CTP INNOVATIONS, LLC,                                    Case No. 15-cv-01469-MJG

       Plaintiff,

v.

PUBLICATION PRINTERS CORPORATION,

       Defendant.

---

CTP INNOVATIONS, LLC,                                    Case No. 15-cv-01471-MJG

       Plaintiff,

v.

SANDY ALEXANDER, INC.,

       Defendant.

CTP INNOVATIONS, LLC,

       Plaintiff,

v.

SCHUMANN PRINTERS, INC.,

       Defendant.

Case No. 15-cv-01813-MJG

---

CTP INNOVATIONS, LLC,

       Plaintiff,

v.

SPECIALTY PROMOTIONS, INC.,

       Defendant.

Case No. 15-cv-01692-MJG

---

TAYLOR PUBLISHING COMPANY,

       Plaintiff,

v.

CTP INNOVATIONS, LLC,

       Defendant.

Case No. 14-cv-03894-MJG

---

CTP INNOVATIONS, LLC,

       Plaintiff,

v.

TIMES PRINTING CO., INC.,

       Defendant.

Case No. 15-cv-02052-MJG

CTP INNOVATIONS, LLC,

        Plaintiff,

v.

TREND OFFSET PRINTING SERVICES, INC.,

        Defendant.

Case No. 15-cv-02389-MJG

---

CTP INNOVATIONS, LLC,

        Plaintiff,

v.

VALASSIS COMMUNICATIONS, INC.,

        Defendant.

Case No. 15-cv-01807-MJG

---

CTP INNOVATIONS, LLC,

        Plaintiff,

v.

VERSA PRESS INC.,

        Defendant.

Case No. 15-cv-02682-MJG

---

CTP INNOVATIONS, LLC,

        Plaintiff,

v.

WALTON PRESS INC.,

        Defendant.

Case No. 14-cv-03887-MJG

| | |
|---|---|
| CTP INNOVATIONS, LLC, | Case No. 14-cv-03886-MJG |
| Plaintiff, | |
| v. | |
| WORLDWIDE TICKETS AND LABELS, INC., | |
| Defendant. | |
| CTP INNOVATIONS, LLC, | Case No. 15-cv-01646-MJG |
| Plaintiff, | |
| v. | |
| WORZALLA PUBLISHING COMPANY, | |
| Defendant. | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF JOINT RULE 12 MOTION TO DISMISS OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS

Defendants[1] submit this Reply Brief in Support of their Joint Rule 12 Motion to Dismiss or, Alternatively, for Judgment on the Pleadings.

## INTRODUCTION

There is no denying that the rules regarding pleading a case of direct patent infringement have changed.  The questions presented by this joint motion are whether and how the rule change affects these consolidated cases.  Plaintiffs are no longer able to state a claim by merely conforming to the former Form 18 of the Federal Rules of Civil Procedure ("FRCP").  Under the

---

[1]   American Printing Company, Inc., Arandell Corporation, Cenveo Corporation, Command Web Offset Company, Inc., Directmail.com; EBSCO Industries, Inc., Ennis, Inc., F.C.L. Graphics, Inc., GEO Graphics, Inc., Indexx, Inc., Jet Printing, LLC, Journal Graphics, Inc., Midland Information Resources, Publication Printers Corporation, Sandy Alexander, Inc., Schumann Printers, Inc., Specialty Promotions, Inc., Taylor Publishing Company, Times Printing Co., Inc., Trend Offset Printing Services, Inc., Valassis Communications, Inc., Versa Press, Inc., Walton Press, Inc., Worldwide Tickets and Labels, Inc., Worzalla Publishing Company.

amended FRCP, allegations of direct patent infringement now must comply with the standards of pleadings that have applied to other forms of civil actions.  In that sense, the pleading standards have not been altered with the abrogation of Form 18 and Rule 84, it is just that the standards of FRCP 8 now also apply to claims of direct patent infringement.

As for the applicability of the rule change to these cases which were pending on December 1, 2015 when the amended rules took effect, it is within the discretion of this Court to apply the amended rules to pending cases if it is just and practicable to do so.  Neither discovery nor claim construction have commenced since the time that these cases were transferred to this Court by the Judicial Panel on MultiDistrict Litigation and there is no reason why the currently pending Federal Rules of Civil Procedure should not apply to them.  When the standard pleading rules of FRCP 8 and the *Twombly/Iqbal* line of cases are applied to Plaintiff's currently pending pleadings it is apparent that Plaintiff has failed to state plausible claims against the Defendants and the pending Complaints should be dismissed.

## I.      PROCEDURAL HISTORY.

In an effort to avoid the substantive law as it applies to the deficiencies of its pleading, Plaintiff attempts to focus the Court's attention on past procedural matters that have nothing to do with the merits of Defendants' current joint motion.  While Plaintiff is correct that many of these Defendants moved unsuccessfully to dismiss prior Complaints for failure to state a claim, those motions were brought under the old FRCP and as this Court acknowledged in its ruling on those motions, the Court's analysis was limited to the old standard under Form 18.  (ECF 233, p. 8).  Since the old standard for pleading direct patent infringement was abrogated, Plaintiff has filed sixteen Amended Complaints, all of which should be analyzed without the safe harbor previously provided by Form 18.  In addition, in the interests of justice and practicality, the

remaining eight original Complaints that were filed before the rules were amended should be analyzed by the same standard.  All of these cases have been consolidated before this Court for pretrial purposes and stand in the same procedural posture.  The purpose of the consolidation of multidistrict litigation is to "promote the just and efficient conduct of such actions."  28 U.S.C. §1407(a).  There is no just basis to treat these cases differently from each other or to create the inefficiency of the application of lesser pleading standards to some Complaints over the others. The Defendants have worked hard to present issues jointly to the Court where they are able and to avoid burdening the Court with similar issues in serial fashion.  This joint motion was brought because a change in the law has created a situation that is worthy of the Court's attention and that change in the law should be applied consistently across the pleadings of all these consolidated cases.

Plaintiff has also argued that the Defendants joining this motion under the auspices of FRCP 12(c) have somehow ignored or violated the Court's December 29, 2015 Second Procedural Order (ECF 292) by filing something other than a FRCP 12(b)(6) motion.  (ECF 356, pp. 37-38).  The substantive legal basis for the Defendants' joint motion to dismiss is identical whether it is called a failure to state a claim under FRCP 12(b)(6) or judgment on the pleadings under FRCP 12(c).  It would only create inefficiency and further delay for the Defendants that have moved under FRCP 12(c) to simply provide notice and wait for a further schedule for filing and briefing of a FRCP 12(c) motion, only to present the exact same argument to the Court under that separate schedule as is provided here in a single filing.  The Defendants have taken seriously the Court's admonition to "avoid duplication of efforts by filing a consolidated motion or, as appropriate, consolidated motions."  (ECF 292, ¶ 3.a.ii.).  The issue before the Court on this joint motion is simple and straightforward —whether Plaintiff's Complaints, both amended and

original, fail to adequately plead direct patent infringement under the standard established by FRCP 8 and the *Twombly/Iqbal* line of cases.  The United States Supreme Court Order effectuating the most recent amendments to the FRCP specifically authorized the application of the amended FRCP to pending cases.  (ECF 345-1, Ex. A).  Accordingly, the question presented here should be answered on the same procedural basis in all the consolidated cases.[2]

## II.    LAW AND ARGUMENT.

Both parties rely upon the Advisory Committee notes for the recent Amendments to the FRCP.  But while Plaintiff relies upon an isolated statement, Defendants' position is properly rooted in the entirety of the notes.  The notes do not suggest that the Rule 84 and Form 18 standard still applies.  Quite the contrary, they endorse FRCP 8 and the pleading standards and case law that derive therefrom, in other words *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009) and their progeny.

### A.    The Standard Has Changed For Patent Cases.

When the December 1, 2015 amendments to the FRCP abrogated Rule 84 and Form 18, the low threshold for pleading direct patent infringement was raised to comply with the Rule 8 standard that has been clarified over the last nine years, starting with *Iqbal, supra.*  Form 18 had previously insulated plaintiffs in patent infringement cases from the United States Supreme Court pleading standard explained in *Iqbal* and *Twombly*, *supra*.  Patent infringement pleadings should now be held to the same standard as all other civil matters.  *See*, *e.g., Rembrandt Patent Innovations LLC v. Apple, Inc.*, No.C 14-05094 WHA, 2015 WL 8607390 (N.D. Cal. Dec. 13,

---

[2]  Plaintiff also contests the ability of Defendant Jet Printing to participate in this motion at all because it had brought a previous FRCP 12(b)(6) motion on different grounds.  The basis of the instant motion is that the Complaints are insufficient after the abrogation of FRCP 84 and Form 18, an argument not available to Jet when it brought its earlier motion because the rule change had not yet gone into effect.  Although Plaintiff acknowledges that Jet is only prevented from bringing a subsequent 12(b) motion if the newly asserted defense was previously available to Jet, Plaintiff persists in seeking different treatment for Jet in this case.  Plaintiff's argument that Jet should be excluded from this motion is not supported by the law or the facts and should be disregarded.

2015) (plaintiff required to file a new complaint complying with *Iqbal*, to address new allegations).  Plaintiff tries to distinguish *Rembrandt* on its facts and quibbles with Defendants' parenthetical description of the case, but misses the point.  Defendants cited the *Rembrandt* decision in its opening brief, just as it has above, as an example of a Court recognizing that new patent infringement complaints must comply with *Iqbal*, the same argument Defendants make here and one that has been recognized recently in another District Court as well.  *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. CV 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016)(the Court recognized its discretion to apply the December 1, 2015 FRCP amendments to an Amended Complaint filed in a case that was initiated before the effective date of the amended FRCP and dismissed the pleading under the more rigorous requirements of the *Twombly/Iqbal* standard).

Plaintiff grasps tightly to the concurring opinion of Judge Wallach in *K-Tech Telecomms, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1287 (Fed. Cir. 2013) to try to salvage the lower Form 18 pleading standard that existed under the old rules (ECF 356, pp. 12 – 15), but fails to acknowledge the findings of the majority opinion which held, "Any criticism we may have regarding the sufficiency of the forms themselves is strictly proscribed by Supreme Court precedent. (citations omitted)  And, as we made clear in *R+L Carriers*, to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control."  *K-Tech,* 714 F.3d at 1283.  There is no escaping the fact that the *K-Tech* court was applying the Form 18 standard to the pleading before it and, despite reference to the *Iqbal* standard, the Court felt bound to apply the now defunct Form 18 standard and overturned the District Court's decision to dismiss a pleading based upon a requirement that did not exist in Form 18.  "Form 18 includes no indication that a patent holder

must prospectively anticipate such noninfringement arguments.  For this reason alone, it is clear the rationale employed by the district court when dismissing K-Tech's actions was erroneous." *K-Tech*, 714 F.3d at 1284-5.  The *K-Tech* court did not find the old Form 18 and the *Iqbal* standard to be interchangeable and Plaintiff's attempt to equate the two is an incorrect interpretation of the law.

Under the pleading standard that now applies to patent infringement cases, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555.  A claim is plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Accordingly, in order for a complaint to survive an attack by a Rule 12(b)(6) motion, it must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 548.

Both Plaintiff's Amended Complaints and the original Complaints that are still pending against some Defendants fail to meet the requirements of FRCP 8 and the *Iqbal/Twombly* standard and should be dismissed.

**B.      Plaintiff Has Failed To Put Defendants On Notice.**

Plaintiff's allegations against the Defendants amount to nothing more than speculation. The claims of the patents at issue in this case generally cover an abstract printing workflow to produce a computer file that can ultimately be used to prepare a printing plate.  Significantly, Plaintiff fails to allege that any Defendant performs any of the expressly recited steps of the

claimed abstract printing workflow or specifically how the claims are infringed by any of the Defendants.  There are twenty-five separate Defendants that have joined in this motion, all of whom are under the specter of the same vague allegations and who do not have any idea of how the allegations of infringement differ or are the same as between each of them.  If these cases proceed, before they can even defend themselves, Defendants will be compelled to expend significant resources just to determine what it is they are accused of doing.  At a minimum, Plaintiff should be required to provide each Defendant with a pleading that contains enough "factual content [to] allow the Court [and the Defendants] to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678.  Plaintiff has failed to provide even that minimal amount of factual information.  While the Court properly accepts all well-pleaded facts as true for the purpose of deciding this motion, it is the lack of well-pleaded facts that form the basis of Defendant's argument.

Plaintiff has failed to articulate in its pleadings specific actual conduct by the Defendants that infringes the '349 or '155 patents.  Despite its steady refusal to plead these cases adequately, Plaintiff does claim to have detailed knowledge of Defendants operations (ECF 356, pp. 25 – 29), none of which has made its way into any of the Complaints or Amended Complaints.  In its pleadings, Plaintiff merely recites some of the language of its patents and declares that the Defendants have the requisite knowledge and experience to determine on their own which of their methods and systems might infringe the '349 and '155 Patents.  This method of pleading shifts the burden to Defendants to prove they do not infringe and gives Plaintiff the ability to hold the substantial cost of defense over Defendants without having to establish at the outset that Plaintiff has a plausible claim.  At a minimum, to state a claim, Plaintiff should be required to describe each of its patents, identify the instrumentality of each Defendant's alleged infringement, and

explain in some fashion the connection between the patent and the accused instrumentality. *Adiscov, LLC v. Autonomy Corp.,* 762 F. Supp. 2d 826 (E.D. Va. 2011).  The only notice Plaintiff provides is to direct the Defendants to rely on their own knowledge and experience to guess which of their systems and methods might be implicated by Plaintiff's vague allegations. Defendants should not be required to speculate about what Plaintiff is alleging.

As noted in Defendant's opening brief (ECF 345-1, p. 2), Plaintiff has provided, at the Court's direction (ECF 292, ¶ 2.b.), a disclosure to each Defendant of which claims from each of the patents in suit it is asserting against each Defendant and those disclosures do differ from Defendant to Defendant.  (*See, e.g., ECF 329, 330, 331, 332, 333, 334, 335, 336).*  However, there is no explanation in those disclosures of how any instrumentality under the control of any Defendant infringes any of those asserted claims or how any conduct of any Defendant correlates to any of the disclosed asserted patent claims.  To the extent that Plaintiff has selected different sets of claims for different Defendants, these selections appear almost random – there is no way to reconcile the actual allegations of the Complaints or Amended Complaints with Plaintiff's selection of some claims for some Defendants and different claims for other Defendants.  If Plaintiff has a reasoned good-faith belief for asserting different sets of claims at issue for different Defendants, then the factual basis underlying that belief should have been put in the Complaints and Amended Complaints.  To the contrary, the actual allegations in the Complaints and Amended Complaints are largely identical for each Defendant.  The similarity of the allegations in the pleadings against each Defendant demonstrates just how vague the Plaintiff's allegations are.

Defendants operate different systems with different equipment, but are each accused of infringing Plaintiff's patents in the same vague and unspecified way.  The complaints, both original and amended, provide no notice to Defendants of what they are accused.   FRCP 8

requires a plaintiff to "raise the [plaintiff's] 'right to relief above the speculative level.'" *Adiscov*, 762 F.Supp. 2d at 830 (quoting *Twombly*, 550 U.S. at 555).  This is more than was required by Form 18 and Plaintiff's continued refusal to properly plead should result in dismissal of the pending pleadings against all of the Defendants joining in this motion.

### C.       The Abstract Nature Of CTP's Patents Is Irrelevant To This Motion.

Plaintiff asserts that Defendants' ability to present the Court with an explanation of why the patents are invalid under 35 U.S.C. §101 and the *Alice* line of cases demonstrates Defendants' knowledge of how they allegedly infringe.  However, Plaintiff's argument mixes apples and oranges.  The issue of the invalidity of Plaintiff's patents under *Alice* and its progeny is based upon an analysis of the language of the claims of those patents regardless of any allegedly infringing activity by anyone.  In these particular cases, Defendants are not claiming that the pleadings are inadequate because Plaintiff failed to allege the validity of its patents. Plaintiff's pleadings in these matters are inadequate because they fail to address the conduct of the Defendants that amounts to infringement.  The ineligibility of the subject matter of Plaintiff's patents to be patented is a completely separate issue and that is why it is the subject of a separate motion.

Plaintiff also casts aspersions on Defendants based upon a claim that Defendants have collectively filed several petitions for *inter partes* review in the United States Patent and Trademark Office in "an attempt to drain the resources of a single entity through use of collective resources of many defendants."  (ECF, p. 2).  That is simply untrue.  While it appears a small number of Defendants have been involved in the filing of a single Petition for *inter partes* review on a limited number of claims of one of the patents at issue in this case (claims 4-9

of the '349 patent), the other Defendants have had no involvement in any of the *inter partes* review proceedings and have not given up any legal arguments through that process.

## CONCLUSION

Defendants are entitled to be placed on fair notice of what is being alleged against them and should not have to incur the expense of defending vague and insubstantial claims.  Plaintiff's pleadings, both original and amended are inadequate and cannot withstand scrutiny under the existing standards for pleading patent infringement under FRCP 8 and the *Twombly/Iqbal* line of cases.  Accordingly, Plaintiff's Complaints and Amended Complaints should be dismissed.


Dated:  April 12, 2016.                          Respectfully submitted,

*/s/ Andrew B. Campbell*
Andrew B. Campbell (PHV No. 802757)
WYATT, TARRANT & COMBS, LLP
2525 West End Ave., Suite 1500
Nashville, TN  37203
Telephone:  (615) 244-0020
Facsimile:   (615) 256-1726
acampbell@wyattfirm.com

Stephen C. Hall (PHV No. 802768)
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, 26th Floor
Louisville, KY  40202
Telephone:  (502) 562-7355
Facsimile:   (502) 589-0309
schall@wyattfirm.com

*Counsel for American Printing Co., Inc.*

*/s/ Thomas P. Heneghan*

Thomas P. Heneghan (PHV No. 803566)
WHYTE HIRSCHBOECK DUDEK S.C.
P.O. Box 1379
Madison, WI  53701-1379
Telephone:  (608) 255-4440
Facsimile:   (608) 258-7138
theneghan@whdlaw.com

*Counsel for Arandell Corporation, Schumann
Printers, Inc., and Times Printing Co., Inc.*


*/s/ Gene S. Winter*

Gene S. Winter (MD Bar ID:  804199)
Benjamin C. White (MD Bar ID:  97368)
Jonathan A. Winter (MD Bar ID:  804200)
ST. ONGE STEWARD JOHNSTON &
REENS LLC
986 Bedford Street
Stamford, CT  06905-5619
Telephone:  (203) 324-6155
Facsimile:   (203) 327-1096
gwinter@ssjr.com
bwhite@ssjr.com
jwinter@ssjr.com
litigation@ssjr.com

*Counsel for Cenveo Corporation*

/s/ Eric W. Schweibenz
Eric W. Schweibenz (admitted *pro hac vice*)
Scott A. McKeown (admitted *pro hac vice*)
Christopher Ricciuti (admitted *pro hac vice*)
OBLON, McCLELLAND, MAIER &
NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA  22314
Telephone:  (703) 413-3000
Facsimile:   (703) 413-2220
eschweibenz@oblon.com
smckeown@oblon.com
cricciuti@oblon.com

*Counsel for Command Web Offset Company,*
*Inc., Sandy Alexander, Inc., Specialty*
*Promotions, Inc., and Worzalla Publishing*
*Company*

/s/ Steven E. Tiller
Steven E. Tiller (Bar No. 11085)
Peter J. Davis (Bar No. 14069)
WHITEFORD, TAYLOR & PRESTON, LLP
7 St. Paul Street, Suite 1300
Baltimore, MD  21202-1626
Telephone:  (410) 347-9425
Facsimile:   (410) 223-4325
stiller@wtplaw.com
pdavis@wtplaw.com

*Counsel for Directmail.com*

/s/ Robert J. Veal
Robert J. Veal
VEAL INTELLECTUAL PROPERTY, LLC
11555 Medlock Bridge Road, Suite 100
Johns Creek, GA  30097
Telephone:  (678) 653-4758
Facsimile:   (678) 597-1101
rjveal@veal-ip.com

*Counsel for EBSCO Industries, Inc.*

*/s/ Dan Gus*

Dan Gus (State Bar No. 24007288)
GUS & GILBERT LAW FIRM, A
PROFESSIONAL CORPORATION
209 East Main Street
Waxahachie, TX  75165
Telephone:  (214) 960-4116
Facsimile:  (214) 960-4140
dan@gus-gilbert.com

*Counsel for Ennis, Inc.*

*/s/ Michael J. Curley*

Michael J. Curley (AZ Bar No. 025972)
(*Pro Hac Vice* MDL ID No. 803492)
QUARLES & BRADY LLP
One South Church Avenue, Suite 1700
Tucson, AZ  85701
Telephone:  (520) 770-8700
Facsimile:  (520) 770-2206
michael.curley@quarles.com

*Counsel for F.C.L. Graphics, Inc.*

*/s/ Derek S. Neilson*

Derek S. Neilson
MD Bar ID No. 97260 (*pro hac vice*)
ALSTON AND BIRD LLP
2828 North Harwood Street, Suite 1800
Dallas, TX  75201
Telephone:  (214) 922-3400
Facsimile:  (214) 922-3899
derek.neilson@alston.com
Doug Scribner
MD Bar ID No. 802845 (*pro hac vice*)
Emily Chambers
MD Bar ID No. 802810 (*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
doug.scribner@alston.com
emily.chambers@alston.com

*Counsel for Geo Graphics Inc.*

*/s/ Anthony F. Blum*

Anthony F. Blum (PHV No. 802725)
David B. Jinkins (PHV No. 802805)
Matthew A. Braunel (PHV No. 802727)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO  63101-1693
Telephone:  (314) 552-6000
Facsimile:  (314) 552-7000
ablum@thompsoncoburn.com
djinkins@thompsoncoburn.com
mbraunel@thompsoncoburn.com

*Counsel for Jet Printing, LLC*


*/s/ Elizabeth Tedesco Milesnick*

Elizabeth Tedesco Milesnick
MILLER NASH GRAHAM & DUNN LLP
Fax:   503-224-0155
Elizabeth.milesnick@millernash.com

*Counsel for Journal Graphics, Inc.*


*/s/ April A. Price*

April A. Price (Maryland Bar No. 803756)
LANE & WATERMAN LLP
220 North Main Street, Suite 600
Davenport, IA  52801
Telephone:  (563) 324-3246
Facsimile:  (563) 324-1616
aprice@l-wlaw.com

*Counsel for Midland Information Resources
a/k/a Elanders Americas*

*/s/ Robert R. Brunelli*

Robert R. Brunelli (admitted *pro hac vice*)
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Telephone:  (303) 863-9700
Facsimile:   (303) 863-0223
rbrunelli@sheridanross.com
litigation@sheridanross.com

*Counsel for Publication Printers Corporation*


*/s/ John M. Jackson*

John M. Jackson (TX Bar No. 24002340)
(PHV No. 802739)
Nathaniel St. Clair, II (TX Bar No. 24071564)
(PHV No. 802745)
Matthew C. Acosta (TX Bar No. 24032577)
(PHV No. 802740)
Blake T. Dietrich (TX Bar No. 24087420)
(PHV No. 802752)
JACKSON WALKER L.L.P.
2323 Ross, Suite 600
Dallas, TX  75201
Telephone:  (214) 953-6000
Facsimile:   (214) 953-5822
jjackson@jw.com
nstclair@jw.com
macosta@jw.com
bdietrich@jw.com

*Counsel for Taylor Publishing, Worldwide*
*Tickets and Labels, Inc., Indexx, Inc. and*
*Versa Press, Inc.*

*/s/ Robert W. Hughes, Jr.*

Robert W. Hughes, Jr. (GA Bar No. 376311)
(PHV No. 802755)
ROBERT W. HUGHES & ASSOCIATES, PC
390 West Crogan Street, Suite 230
Lawrenceville, GA  30046
Telephone:  (770) 469-8887
Facsimile:  (678) 690-6095
robby@hughespclaw.com

*Counsel for Walton Press, Inc.*

*/s/ Jonathan P. Hersey*

Jonathan P. Hersey (CA Bar No. 189240)
(PHV No. 803974)
Scott B. Lieberman (CA Bar No. 208764)
(PHV No. 803975)
Neil J. Cooper (CA Bar No. 277997)
(PHV No. 803980)
SLATER HERSEY & LIEBERMAN LLP
18301 Von Karman Avenue, Suite 1060
Irvine, CA  92612
Telephone:  (949) 398-7500
Facsimile:   (949) 398-7501
jhersey@slaterhersey.com
slieberman@slaterhersey.com
ncooper@slaterhersey.com

*Counsel for Trend Offset Printing Services, Inc.*

*/s/ Ahmed J. Davis*

Ahmed J. Davis (Bar No. 17812)
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC  20005
Telephone:  (202) 783-5070
Facsimile:   (202) 783-2331
davis@fr.com

David M. Barkan (CA Bar No. 160825)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone:  (650) 839-5070
Facsimile:   (650) 839) 5071
barkan@fr.com

*Counsel for Valassis Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Brief in Support of Joint Motion to Dismiss/Motion for Judgment on Pleadings was served by means of the Court's CM/ECF system on all counsel of record who have consented to electronic service on this 12th day of April, 2016.

*/s/ Thomas P. Heneghan*